Eliza M. WOODSON

v.

Joseph CALIFANO, Secretary of Health, Education & Welfare.

Civ. A. No. H–77–542.

United States District Court,
S. D. Texas,
Houston Division.

Aug. 18, 1978.

---

16. U.C.C. §§ 9–306(2), 9–307(1).

458

Thomas C. Petley, Houston, Tex., for plaintiff.

Arthur R. Amdur, Asst. U.S. Atty., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

STERLING, District Judge.

This suit is before the Court on an appeal from the decision of the Secretary of Health, Education and Welfare (Secretary) denying Plaintiff's application for widow's benefits. Plaintiff lived with and ceremonially married her now deceased husband, Russell Woodson (Woodson). Plaintiff, after Woodson's death, sought widow's benefits. However, unknown to the Plaintiff, Woodson had a prior marriage to Ethyl Hurd Woodson Stephens (Ethyl Hurd) which was never dissolved. Ethyl Hurd had applied for and received mother's benefits (although the child was not Woodson's) for five months on Woodson's social security account.

The applicable social security statute, 42 U.S.C. § 416(h)(1)(B), provides that a putative spouse may receive benefits unless the legal wife "is or has been entitled" to benefits. Here, Ethyl Hurd was entitled to and received benefits on Woodson's account for five months, until her remarriage to another man ended her eligibility. 42 U.S.C. § 402(g)(1). Therefore the Administrative Law Judge denied Plaintiff's claim. Plaintiff has made a persuasive argument in her motion for summary judgment, that this case should be governed by the principles of *Rosenberg v. Richardson*, 538 F.2d 487 (2d Cir. 1976). The Administrative Law Judge distinguished Rosenberg in his decision in the following manner:

"The Administrative Law Judge does not feel that the *Rosenberg* case is applicable to the facts in this case. This conclusion is based on the evidence which establishes that a full benefit was paid Ethyl Hurd from May 25, 1970, the date of the wage earner's death, through the month of September, 1970. This evidence is not compatible with the facts in the *Rosenberg* case, supra, thus the reasoning and holding therein set forth cannot be applied in the instant case. Therefore claimant's application for widow's benefits cannot be sustained." (Tr. p. 11).

It is true that in this case there will be no "double dipping" into Woodson's account by a legal and putative spouse simultaneously. In fact, there will be no dipping at all, as neither the Plaintiff nor Ethyl Hurd will be entitled to benefits. Nevertheless, Ethyl Hurd received benefits on Woodson's account for five months. Her remarriage cut her off from such benefits. If she had not remarried, Ethyl Hurd could still be receiving benefits on Woodson's account, and Plaintiff would have no basis for her claim. Although the equities seem to favor the Plaintiff, in that Ethyl Hurd only received five months of benefits for a child that was not Woodson's, and Plaintiff was Woodson's companion for his last eight years, the law expressly provides that a putative spouse will be cut off from benefits if the legal spouse "is or *has been*" entitled to benefits. Ethyl Hurd received a full mother's benefit on Woodson's account, therefore distinguishing this case from *Rosenberg* where the legal spouse had only received a 1% increase in her benefits from the deceased wage earner's account. Although the Court feels that the application of such a strict rule in this case produces a harsh result, this Court must enforce the statute, 42 U.S.C. § 416(h)(1)(B), as it is plainly written. The statute unambiguously states that a putative spouse shall be precluded from receiving benefits if the legal spouse "is or *has been*" entitled to benefits. Hurd was entitled to benefits, therefore under the statutory law, unfortunate as it may be, Plaintiff is not entitled to widow's benefits. It is

ORDERED that the decision of the Secretary be, and hereby is, AFFIRMED.